IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHRIS STEVEN FINK,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 16-109-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGSTRATE JUDGE |

On November 28, 2016, Petitioner Chris Steven Fink filed a Petition for Writ of Habeas Corpus. Fink is a state prisoner proceeding pro se.

Mr. Fink sought to challenge state court judgments entered in the Missoula County and Lewis and Clark County District Courts in October of 2001 and July of 2008, respectively. *See* (Doc. 1 at 2, ¶¶ 1-2.) Fink was convicted of criminal possession of cocaine and criminal possession with intent to distribute methamphetamine. *Id*. at 3, ¶ 3. In September 2014, Fink was also convicted of Sexual Assault.

In his petition, Fink dis not state the constitutional claim he was advancing. He also indicated that he had filed additional paperwork to provide supporting facts; however, the Court did not receive any materials along with Fink's petition. As relief, Fink sought monetary compensation.

1

Because the Court was unable to ascertain what sentence Mr. Fink is currently serving, and, consequently challenging, he was ordered to respond to the Court and provide clarification. (Doc. 5). Also, because Fink sought monetary relief, it appeared that he may have been intending to pursue relief under 42 U.S.C. § 1983 rather than a 28 U.S.C. § 2254 petition for habeas corpus.[1] Fink was directed to clarify his claims and was provided with the requisite standard forms to do so. *Id.* at 4-5. Despite being given one month in which to comply with the Court's order, to date, Fink has failed to inform the Court how or if he wishes to proceed with this action. Based upon Fink's failure to comply with the Court's order, this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This Court has the inherent power to sua sponte dismiss a case for failure to comply with a court order. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962). In determining whether Fink's failure to comply with a Court order warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

---

[1] Fink has previously filed two 42 U.S.C. § 1983 actions in this Court. See, *Fink v. Montana State Prison*, CV-16-81-H-DLC-JTJ, Pet. (filed Aug. 17, 2016)(matter currently pending); and, *Fink v. Montana State Prison*, CV-16-108-H-DLC, Judg. of Dismissal (D. Mont. Jan. 9, 2017).

2

drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990). Accordingly, these two factors will be examined in turn.

The third factor, requires the Court to weigh the risk of prejudice to the Defendants. The risk of prejudice to an opposing party is related to the reason given by the petitioner for failing to prosecute an action. *Pagtalunan v. Galaza*, 291 F. 3d 639, 642 (9th Cir. 2002) (citing *Yourish v. California Amplifier*, 191 F. 3d 983, 991 (9th Cir. 1999). Here, Fink has not provided any excuse for his failure to respond to the Court's Order of February 1, 2017. Where a party offers no excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *Yourish,* 191 F. 3d at 991-92. Accordingly, this factor favors dismissal.

The fourth factor—availability of lesser sanctions—also favors dismissal. The Court attempted to avoid dismissal by providing Fink the opportunity to clarify his claims or amend his petition. To date, however, Fink has failed to comply with this Order. Alternatives to dismissal do not appear appropriate given

Fink's failure to participate in his own litigation. *Henderson v. Duncan*, 779 F. 2d 1421, 1423, 1424 (9th Cir. 1986).

And while it is true that the final factor—public policy favoring the disposition of cases on their merits—ordinarily weighs against dismissal, it is still the responsibility of the moving party to prosecute the case at a reasonable pace and refrain from action that unreasonably slows the pace of litigation. *Morris v. Morgan Stanley & Co.*, 942 F. 2d 648, 652 (9th Cir. 1991). Fink has not met this responsibility despite being provided the opportunity to do so. Here, the policy favoring resolution on the merits does not outweigh Fink's failure to respond to the Court's order. For the reasons stated herein, dismissal of this action is appropriate under Rule 41(b).

Additionally, a certificate of appealability should be denied. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where

a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Fink has not made a substantial showing of the denial of a constitutional right. Moreover, given his failure to respond to this Court's Order, jurists of reason would not find a basis to dispute this Court's procedural ruling.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. This matter should be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Fink may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

determination by the district judge and/or waive the right to appeal.

<u>Mr. Fink must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 20th day of March 2017.

       /s/ John Johnston
    John Johnston
    United States Magistrate Judge